ON MOTION
DYK, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Arnoldo V. Carrillo’s appeal for lack of jurisdiction. Carrillo opposes.
The Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans’ Appeals denying service connection for prostatitis and benign prostatic hypertrophy. Carrillo appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals *873 for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
The Secretary asserts that Carrillo’s challenges on appeal involve only factual disputes or the application of law to facts. In opposition, Carrillo states that the Acting Secretary’s motion should be denied and that he should be awarded benefits because “Dr. William Sawtelle gave an incorrect diagnosis.” Carrillo raises a factual dispute regarding medical evidence in his opposition; he does not assert a challenge to the validity or interpretation of a statute or regulation or a constitutional issue. Thus, our limited jurisdiction does not permit review. See 38 U.S.C. § 7292.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.